**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2256
_____

UNITED STATES OF AMERICA

v.

JOSE CALDERA,

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 4:14-cr-00278-001)
District Judge: Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 8, 2015
_____

Before: FUENTES, SHWARTZ, and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed: December 8, 2015)

_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Jose Caldera was convicted of murdering his cellmate and sentenced to 262 months' imprisonment, to run consecutively to the federal drug sentence he was serving at the time of the offense. Caldera appeals. His appellate counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738 (1967). We will grant the motion and affirm.

I

On May 2, 2010, while serving a 293-month federal drug sentence at the United States Penitentiary in Lewisburg, Pennsylvania, Caldera strangled his cellmate to death. Caldera pleaded guilty to a one-count Information charging him with second-degree murder, in violation of 18 U.S.C. §§ 1111 and 7(3). At the plea hearing, the Government informed the District Court that there was no written plea agreement, but the parties had orally agreed that the Government would recommend a three-level reduction in Caldera's Guidelines offense level for acceptance of responsibility and a sentence at the top of the Guidelines range, which it had estimated to be 262 months. Both Caldera and his counsel indicated that this accurately reflected the agreement and estimated sentence.

Before sentencing, the Probation Office submitted a Presentence Investigation Report ("PSR") recommending a Guidelines range of 210 to 262 months' imprisonment, based on a total offense level of thirty-five and criminal history category of III. The PSR also recommended that because Caldera committed the offense while serving a separate term of imprisonment, the new sentence should run consecutively to the undischarged

term, consistent with U.S.S.G. § 5G1.3(a).[1] Caldera did not object to the PSR.

At Caldera's sentencing hearing, he and his counsel stated that they had reviewed the PSR and had no objections. Caldera's counsel requested, however, that Caldera be "give[n] . . . a concurrent sentence with some of the time he's now serving," due to the fact that he has "undergone . . . severe deprivation" since the murder, including solitary confinement. App. 40-41. Observing that Caldera committed a "heinous crime" while serving a sentence for a drug offense, the District Court adopted the Guidelines calculation set forth in the PSR, and imposed a within-Guidelines sentence of 262 months' imprisonment, to run consecutively to the drug sentence Caldera was serving at the time of the offense. App. 44. Caldera's counsel filed an appeal on Caldera's behalf and a motion to withdraw, asserting that there are no nonfrivolous grounds for appeal.[2]

II

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in <u>Anders</u> to assure that indigent clients receive adequate and fair

---

[1] Section 5G.1.3(a) of the Guidelines provides:

> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(a).

[2] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Rule 109.2(a)

allows defense counsel to file a motion to withdraw and an accompanying brief pursuant

to Anders when counsel has reviewed the record and concluded that "the appeal presents

no issue of even arguable merit." When counsel submits an Anders brief, we determine:

"(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an

independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at

300 (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is

frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of App. of Wisc., Dist. 1,

486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we

examine the brief to see if it: (1) shows that counsel has thoroughly examined the record

in search of appealable issues, identifying those that arguably support the appeal even if

wholly frivolous, Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why the

issues are frivolous, Marvin, 211 F.3d at 780-81. If these requirements are met, the

Anders brief guides our review and we need not scour the record. See Youla, 241 F.3d at

300–01.

Counsel's Anders brief satisfies both elements, and an independent review of the

record reveals no nonfrivolous issues.[3] First, the brief demonstrates a thorough

examination of the record and identifies potential issues concerning the District Court's

---

[3] Caldera was given the opportunity to file a pro se brief raising any additional
arguments, but did not do so.

jurisdiction, the validity of Caldera's guilty plea, and the reasonableness of his sentence. Second, the brief explains why these issues are frivolous in light of the governing law. Counsel's <u>Anders</u> brief is therefore sufficient, and we will proceed to review the issues counsel identified.

B

The first issue counsel identified is whether the District Court had jurisdiction to enter the judgment of conviction and sentence. It is clear that it did. United States District Courts have jurisdiction over offenses against the laws of the United States. 18 U.S.C. § 3231. Caldera was charged with second-degree murder at a federal prison in violation of 18 U.S.C. §§ 1111 and 7(3), which is a federal offense. Accordingly, there exist no issues of arguable merit concerning jurisdiction.

The second issue counsel identified is whether Caldera's guilty plea was valid under the Constitution and Federal Rule of Criminal Procedure 11.[4] The record shows it

---

[4] Rule 11 requires that a district court advise the defendant, among other things:

> of the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the "maximum possible penalty" to which he or she is exposed, the court's "obligation to apply the Sentencing Guidelines [and] . . . discretion to depart from those guidelines under some circumstances," and "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."

United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (quoting Fed. R. Crim. P. 11(b) (alterations in original)). The district court must also "ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty." Id.; see also Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).

was. During the plea hearing, the District Court confirmed that Caldera understood the second-degree murder charge against him and did not dispute the facts the Government would offer to prove each element of the crime. The District Court explained to Caldera that he could choose to plead not guilty and proceed to trial with the assistance of counsel who could cross-examine witnesses, and that the jury would presume him innocent, unless and until the Government proved his guilt beyond a reasonable doubt; that he was pleading guilty to charges that carried a statutory maximum term of life imprisonment and a $250,000 fine; and that, in determining a sentence, the court would refer to the Guidelines, but could depart from them. The District Court also confirmed with Caldera and his counsel the terms of the oral agreement they had reached with the Government, and specifically found that Caldera pleaded guilty knowingly and voluntarily, with an understanding of his rights and the consequences of his plea. Therefore, there is no issue of arguable merit with respect to the validity of Caldera's plea.

The final issue counsel identified is whether Caldera's sentence is procedurally and substantively reasonable. See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc). With respect to procedural reasonableness, the District Court followed this Court's three-step sentencing process by (1) calculating the applicable Guidelines range, (2) noting there were no departure motions, and (3) meaningfully considering all relevant 18 U.S.C. § 3553(a) factors. See United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). As to the third step, the District Court gave "rational and meaningful" consideration to the § 3553(a) factors, Tomko, 562 F.3d at 568 (quoting United States v.

6

Grier, 475 F.3d 55, 571 (3d Cir. 2007) (en banc)), noting, among other things, "the nature and circumstances of the offense and the history and characteristics of . . . Caldera," including the drug crime for which he was serving a lengthy sentence at the time of the murder, and concluded that "[t]aking the life of another is a heinous crime," justifying "a sentence at the top of the advisory [G]uideline[s] range." App. 44. Thus, the sentence was procedurally reasonable.

The sentence was also substantively reasonable. Given the nature of the offense and the fact it was committed while Caldera was in prison, we cannot say that "no reasonable sentencing court would have imposed" Caldera's within-Guidelines sentence to run consecutively to his undischarged drug sentence. Tomko, 562 F.3d at 568. Thus, any challenge to the substantive reasonableness of Caldera's sentence would lack merit.[5]

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.

---

[5] While district courts have discretion to order that a defendant's federal sentence run consecutively to or concurrently with an undischarged sentence previously imposed, see 18 U.S.C. § 3584, the Guidelines specifically provide that if an offense is committed while a defendant is serving a separate term of imprisonment, "the sentence for the [new] offense shall be imposed to run consecutively to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(a). Although the Guidelines are advisory, sentencing courts must consider them, as they continue to provide guidance. United States v. King, 454 F.3d 187, 196 (3d Cir. 2006). Because Caldera committed the murder while serving a separate term of imprisonment, and hence his conduct falls squarely within section 5G1.3(a), it cannot be argued that the District Court erred in declining to impose a concurrent sentence.